914 So.2d 994 (2005)
Dearene BLAKE, Appellant,
v.
Mark SINGER, Appellee.
No. 4D04-2677.
District Court of Appeal of Florida, Fourth District.
October 12, 2005.
Rehearing Denied December 15, 2005.
*995 Douglas P. Johnson of Douglas P. Johnson & Associates, Davie, for appellant.
Hinda Klein of Conroy, Simberg, Ganon, Krevans & Abel, P.A., Hollywood, for appellee.
KLEIN, J.
Appellant was injured in a rear-end accident, and contends that the trial court erred in not granting her motion for directed verdict on liability. We agree and reverse the judgment for the defendant for a new trial limited to damages.
Plaintiff testified that she was stopped at a traffic signal westbound on Broward Boulevard, and when the light turned green, she remained at a stop because emergency vehicles were going through the intersection. She explained that while she was stopped, defendant struck her from behind.
Defendant confirmed that there were emergency vehicles with sirens, but testified that plaintiff, who had been in a traffic lane to his left, had moved into his lane as a result of the emergency vehicle, and slowed down ahead of him. Significantly, defendant testified that when plaintiff moved into his lane, she was 50 to 100 feet ahead of him. He estimated that both vehicles were traveling between 2 and 5 miles an hour when he struck plaintiff from behind.
Plaintiff moved for a directed verdict on liability based on the presumption of negligence as to the rear driver in a rear-end collision. Clampitt v. D.J. Spencer Sales, 786 So.2d 570 (Fla.2001). Defendant convinced the trial court that the jury should decide the issue because plaintiff had driven into his lane of traffic, suddenly and unexpectedly.
In Clampitt, our supreme court clarified that a sudden stop by the front driver, in and of itself, is insufficient to overcome the presumption of negligence. Only a sudden stop at a time and place where it could not reasonably be expected by the rear driver creates a factual issue. In this case, because, according to defendant's own testimony, the plaintiff was at least 50 feet ahead of him when she pulled in front of him, and there were emergency vehicles in the intersection, defendant's explanation is insufficient to create an issue of fact under Clampitt. We therefore reverse for a directed verdict on liability and a trial limited to damages.
FARMER, J. and MILLER, KAREN M., Associate Judge, concur.